IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

October 2, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

KAREN LYNN PILCHER and        )    ANDERSON COUNTY
HUSBAND KEITH A. PILCHER      )    03A01-9710-CV-00482
                              )
    Plaintiffs-Appellees      )
                              )
                              )
    v.                        )    HON. JAMES B. SCOTT, JR.,
                              )
                              )
A. L. MONEYMAKER, JR., and    )
wife ROBERTA MONEYMAKER       )
                              )
    Defendants-Appellants     )    AFFIRMED AND REMANDED

MICHAEL W. RITTER OF OAK RIDGE FOR APPELLANTS

HAROLD P. COUSINS, JR., and GEORGE H. BUXTON, III, OF OAK RIDGE FOR
APPELLEES

O P I N I O N

Goddard, P.J.

        A. L. Moneymaker, Jr., and his wife Roberta Moneymaker appeal a judgment

rendered by the Trial Court against them in the amount of $36,000 as a result of personal injuries

sustained by Karen Lynn Pilcher and loss of consortium of her husband, Keith A. Pilcher.  The

suit arose as a result of a collision occurring on September 3, 1994, about 10:00 a.m., between a

female dog named Spec, alleged to be owned by Mr. and Mrs. Moneymaker, and a bicycle being

ridden by Mrs. Pilcher on Dutch Valley Road in Anderson County.

The Moneymakers raise the following five issues:

A.    WHETHER OR NOT THERE WAS AN EFFECTIVE WAIVER OF A JURY TRIAL?

B.    WAS THERE EVIDENCE, FACTUALLY OR LEGALLY TO PREDICATE LIABILITY ON DEFENDANT ROBERTA MONEYMAKER?

C.    DID THE COURT ERR IN ALLOWING EVIDENCE OF HABIT OR ROUTINE?

D.    IS THERE A LEGAL CAUSE OF ACTION AGAINST THE DEFENDANTS?

E.    ARE THE FACTS ADDUCED AT TRIAL CONSISTENT WITH THE JUDGMENT?

The theories of the parties may be succinctly stated as follows.  The Plaintiffs contend that the Defendants' dog, as it had on many previous occasions, ran into Dutch Valley Road and then into a bicycle being ridden by Mrs. Pilcher, causing her to fall and injure herself. The Defendants insist that the dog was never in the road on the occasion of Mrs. Pilcher's accident, but was under a tractor attached to a hay conditioner which was being serviced by Mr. Moneymaker.

The Trial Court initially entered a memorandum opinion and, thereafter, in response to a motion for a statement of facts and conclusions of law, issued a second memorandum opinion:

FIRST MEMORANDUM OPINION

OPINION

The Court has to decide the liability, if any, of a dog owner and the facts surrounding a bicycle accident.  Plaintiffs claim that the negligence of the dog owner was the proximate cause of the accident.  The owner of the dog allege that the dog did not go onto the highway (the site of the bicycle accident) until after the accident had occurred and the dog was not allowed to run at large.

2

Based upon all of the proof, the Court finds that the factual cause of the accident was the failure of the owner to prevent the dog from running at large and failure to prevent the dog from running onto the highway.

However, the legal cause, or proximate cause, of this accident and resulting injury is to be shared between the parties by the Court finding a proportional degrees of fault between them.

The total damages awarded is $60,000 but the amount of damages will be reduced by that degree of fault assigned to plaintiff.

The Court finds the defendant proximately responsible for 60 percent of the fault of the accident and the plaintiff responsible for 40 percent of the fault of the accident.

The clerk will send a copy of this Opinion to the respective attorneys.

SECOND MEMORANDUM OPINION

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

FINDINGS OF FACT

The Court finds that the Plaintiff, Karen Pilcher, was lawfully riding her bike on a public way, to-wit: Dutch Valley Road, on September 3, 1994 in Anderson County, Tennessee near the real property and home of the Defendants, Mr. & Mrs. A. L. Moneymaker, Jr. Defendant's dog was within sight of the owner and within voice command of the owner and was allowed to run at large onto the public highway. The Court finds that the dog had run onto the highway on previous occasions and had an affinity to bicycle riders and had chased the same riders on previous occasions near or at the same location on the highway where the accident occurred. The Court finds that the plaintiff had actual knowledge and notice of the propensity of the dog to chase bicycles and that the plaintiff's failure to stop or dismount or avert the dog was a failure to use due care for her own safety and therefore, she was Forty Percent (40%) at fault in the accident. The Court finds plaintiff knew that the dog was a hazard for bikers. The plaintiff Keith Pilcher has a valid claim for his loss of consortium. The Court further finds that the total damages suffered by plaintiffs are Sixty Thousand Dollars ($60,000.00).

CONCLUSIONS OF LAW

The Court, in consideration of Tennessee Code Annotated §44-8-409[1] and the applicable common law is of the Opinion that defendants' dog was running at large in violation of Tennessee Code Annotated §44-8-409 and that the plaintiffs are beneficiaries of the statute. Additionally, the Court is of the Opinion that the defendants had prior notice of their dog's propensity to run at large on the roadway adjacent to defendants' real property and therefore are negligent at common law for the injuries of plaintiffs in accordance with Alex v. Armstrong, 385 S.W.2D 110 (Tenn. 1964). Therefore, the Court finds the defendants, as owners of the dog, to be proximately responsible for Sixty Percent (60%) of the fault of the accident and the resulting injuries to plaintiffs. The Court holds plaintiffs proximately responsible for Forty Percent (40%) of the fault of the accident and the resulting injuries for plaintiffs. The total damage awarded is Sixty Thousand Dollars ($60,000.00), reduced by Forty Percent (40%) or Twenty-Four Thousand Dollars ($24,000.00) for that degree of fault assigned to plaintiffs. Therefore, the damages suffered by plaintiffs for which defendants, jointly and severally, are responsible is Thirty-Six Thousand Dollars ($36,000.00).

The clerk will send a copy of this Findings of Fact and Conclusions of Law to the respective attorneys.

The rule relative to the first issue is Rule 39 of the Tennessee Rules of Civil Procedure which, as pertinent to this appeal, provides the following:

**RULE 39**
TRIAL BY JURY OR BY THE COURT

**39.01 By Jury.--** When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (a) the parties or their attorneys of record, by written stipulation filed with the court or by oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (b) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the state of Tennessee.

---

[1] The Trial Court obviously meant T.C.A. 44-8-408 which, as pertinent to this appeal, provides as follows:

**44-8-408. Dogs not allowed at large -- Exception. --** It is unlawful for any person to allow a dog belonging to or under the control of such person, or that may be habitually found on premises occupied by the person, or immediately under the control of such person, to go upon the premises of another, or upon a highway or upon a public road or street.

4

It appears that a jury demand was made both in the complaint and in the answer, and there is nothing in the transcript of the hearing to show that this demand was waived by the parties. However, there are post-trial affidavits filed by both counsel for the Pilchers and then-counsel for the Moneymakers to that effect.

Counsel for the Defendants, however, insists that the rule is mandatory and, absent a written stipulation or oral stipulation made in open court, the Defendants are entitled to a new trial.

In cases such as this where affidavits of counsel for the parties, which are a part of the record although entered subsequent to the trial of the case, clearly show the jury was waived, we are not prepared to require strict adherence to the rule. To do so, in our view, would be to exalt form over substance.

As to the second issue, the proof shows that Mr. Moneymaker testified that the dog was his dog, and Mrs. Moneymaker that the dog was Mr. Moneymaker's when he was present and hers when he was not. The problem with this issue is that a reading of the record persuades us that it was assumed by the parties during the trial that it was both Mr. and Mrs. Moneymaker's dog. Indeed, many of the questions by counsel for the Plaintiffs and the Defendants speak of "the Moneymakers' dog." This, coupled with the fact that there was no advocacy of this defense during trial nor in closing argument by the Defendants' former counsel, nor even specifically in the motion for new trial filed by their present counsel,[2] persuades us that this was not an issue below.

---

[2] 11. There is no proof of any breach of duty by the Defendant, Roberta Moneymaker, nor any violation of any law, or statute, if applicable, by the Defendant Roberta Moneymaker.

5

With regard to issue C, there is considerable proof by bicyclists riding with the Pilchers on the occasion of the accident, as well as many other bicyclists who traversed Dutch Valley Road both before and after the accident, that the dog in question repeatedly chased bicycles upon the roadway.

The Rule of Evidence relied upon by the Defendants is Rule 406, which provides the following:

> **Rule 406. Habit; routine practice.** -- (a) Evidence of the habit of a person, an animal, or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eye-witnesses, is relevant to prove that the conduct of the person, animal, or organization on a particular occasion was in conformity with the habit or routine practice.
>
> (b) A habit is a regular response to a repeated specific situation. A routine practice is a regular course of conduct of an organization.

Our understanding of the Trial Judge's ruling on the admissibility of the evidence regarding the dog's frequent forays onto Dutch Valley Road, is that he was admitting the evidence for the purpose of showing the knowledge of the Defendants regarding the dog's activities rather than to prove that the dog acted in this manner on this occasion.

In conclusion, we point out that the evidence that it was the Moneymakers' dog which caused the accident is well-nigh conclusive.

We say this because of the following testimony of the investigating officer when relating his questioning of Mr. Moneymaker regarding the accident:

Q       Did you question Mr. Moneymaker about the accident?

A.      Yes, sir.

Q.      What did he tell you?

A.     That the dog that was in the tractor[3] was the dog that they were talking about, and that it was his dog, and that the dog had run up into the road when the bicycle riders came by.

At trial, however, and during his discovery deposition Mr. Moneymaker testified that the dog was under his tractor on the occasion of the accident.  It thus appears clear that the Trial Court discredited his testimony and accredited that of the other witnesses and the investigating officer.

As to issues D and E, our review of the record persuades us that the Trial Court should be affirmed under Rule 10(a) of this Court.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of the judgment and costs below.  Costs of appeal are adjudged against Mr. and Mrs. Moneymaker and their surety.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
Don T. McMurray, J.

---

[3]     Mr. Moneymaker testified that after the accident Spec went to the scene on three separate occasions, but returned to him when he called her and that on the last occasion he put the dog in the cab of the tractor.

7